UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES H. PENNINGTON,

                        *Petitioner*,

            -against-

KNOX CAPITAL MANAGEMENT, LLC and
WILLIAM M. KENNEY

                        *Respondents*.

Civ. No._____

**MEMORANDUM OF LAW IN SUPPORT OF
PETITION TO CONFIRM ARBITRATION AWARD**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ..........................................................................................................1

ARGUMENT.................................................................................................................................3

    I.    THE FEDERAL ARBITRATION ACT REQUIRES CONFIRMATION OF THE FINAL NFA AWARD ..............................................................................................3

    II.    RESPONDENTS AGREED TO SUBMIT THE UNDERLYING DISPUTE TO THE NFA FOR ARBITRATION BY VIRTUE OF THEIR NFA REGISTRATIONS ....................................4

    III.    RESPONDENTS' TIME TO OPPOSE CONFIRMATION IS PRECLUDED AS A MATTER OF LAW .....5

CONCLUSION ..............................................................................................................................7

# TABLE OF AUTHORITIES

**CASES**

*Abondolo v. Jerry WWHS Co.*, No. 11-CV-2231 (ADS)(ARL), 2011 WL 6012504, at *7 (E.D.N.Y. Dec. 1, 2011) .................................................................................................. 4

*D.H. Blair & Co., Inc. v. Gottdiener*, 462 F. 3d 95 (2d Cir. 2006) .................................................. 4

*First Interregional Equity Corp. v. Haughton*, 842 F. Supp. 105 (S.D.N.Y. 1994) ....................... 3

*Florasynth, Inc. v. Pickholz,* 750 F.2d 171 (2d Cir. 1984) ............................................................. 7

*Kruse v. Sands Bros. & Co.*, 226 F. Supp. 2d 484 (S.D.N.Y. 2002) ........................................... 4, 6

*Ottley v. Schwartzberg*, 819 F.2d 373 (2d Cir. 1987) ................................................................ 3, 4

*See R.J. O'Brien & Assocs., Inc. v. Pipkin*, 64 F.3d 257 (7th Cir. 1995) ........................................ 5

*Waveform Telemedia, Inc. v. Panorama Weather N. Am.*, No. 06 Civ. 5270 CMMDF, 2007 WL 678731 (S.D.N.Y. March 2, 2007) ........................................................................ 7

*Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9 (2d Cir. 1997) ............................................................................................................... 4

**STATUTES**

28 U.S.C. § 1332 ............................................................................................................................ 1

9 U.S.C. § 9 ................................................................................................................................ 1, 3

9 U.S.C. § 12 .................................................................................................................................. 6

## PRELIMINARY STATEMENT

Charles H. Pennington ("Pennington") respectfully submits this Memorandum of Law in support of his Petition to Confirm Arbitration Award ("Petition"), pursuant to 9 U.S.C. § 9 and 28 U.S.C. § 1332. In the Petition, Pennington seeks to confirm the arbitration award issued on January 11, 2012 ("Final Award") by the National Futures Association ("NFA") in an arbitration captioned *Charles H. Pennington v. Knox Capital Management, LLC and William M. Kenney*, Case No. 11-ARB-42 ("Arbitration"). Pennington seeks an order confirming the Final Award and a finding that the arbitration panel determined all related facts and issues of law in rendering the Final Award.

## STATEMENT OF FACTS

Pennington met Respondent William M. Kenney ("Kenney") in or about 2004 when they worked together at Manchester Trading. (Affidavit of Charles W. Pennington ("Pennington Aff.") ¶ 1.) In or about 2006, Kenney, who at the time was an NFA registered associate, formed Respondent Knox Capital Management LLC ("Knox") as a commodity trading advisor and commodity pool operator, and registered Knox as a Member of the NFA. (*See* Exhibit ("Ex.") A to the Declaration of Scott B. Klugman ("Klugman Decl.") (Respondents' NFA BASIC Status Sheets); Pennington Aff. ¶ 2.)

In or about June 2007, Pennington invested $100,000 with Kenney. (Pennington Aff. ¶ 3.) To induce Pennington's investment, Kenney represented that he purchased $100,000 worth of "Interests" in an entity called Banyan Global Fund, LLC ("Banyan") on Pennington's behalf, which Kenney characterized as the trading vehicle for Knox. (*Id.*) The private placement memorandum ("PPM") for Banyan provided, *inter alia*, that subscribers would purchase the Interests; that the proceeds of the sale of the Interests would be utilized to trade in various futures

contracts; and that Knox would act as the investment manager for Banyan. (Pennington Aff., ¶ 4; Klugman Decl., Ex. B at 1-4 (PPM).)

In or about January 2011, Kenney advised Pennington that he was winding down Knox and that he would pay out Pennington's account balance, which Kenney advised totaled approximately $170,000. (Pennington Aff., ¶¶ 5-6; Klugman Decl., Ex. C (Jan. 14, 2011 email).) Following numerous requests by Pennington to Kenney to remit the balance of his account, Kenney confessed to Pennington, on or about January 31, 2011, that he had withdrawn money from the fund to pay for his own business expenses and therefore did not have the full amount of the funds available to return to Pennington. (Pennington Aff. ¶¶ 7-8.) During that conversation, Kenney promised to return all of Pennington's funds by the end of February 2011, but never did so. (Pennington Aff. ¶ 9.)

On or about June 21, 2011, Pennington filed a demand for arbitration with the NFA under § 2(a) of the NFA Code. (Klugman Decl., Ex. D (NFA Claim for Arbitration).) The three member arbitration panel (the "Panel") was duly constituted without objection by Knox or Kenney. The Panel "conduct[ed] a Preliminary Hearing on the parties' written submissions," during which it "considered [Pennington's] Motion for Summary Judgment and related allegations against Respondents." (*Id.* at Ex. E (Final Award).) It identified the claims raised by Pennington's allegations as "misrepresentation, conversion of funds, fraud, breach of fiduciary duty, [and] breach of contract." (*Id.*) The Panel noted that Kenney had "failed to answer or otherwise participate in this arbitration proceeding despite the proper service of the Claim and related materials on Respondents by the NFA." (*Id.*)

After deliberation, the Panel issued a Final Award on or about January 11, 2012, granting Pennington's Motion for Summary Judgment and finding that Respondents Knox and

Kenney were jointly and severally liable to Pennington for an award totaling $237,818.12, and consisting of the following amounts: $169,000 in compensatory damages, $51,000 in punitive damages, $13,293.12 in interest, and $4,525 in other costs. (*Id.*) The Panel noted that it had calculated interest on a prejudgment basis, "at the New York statutory rate of 9%, on compensatory damages only, beginning from January 28, 2011, through the date of this Award." (*Id.*)

## ARGUMENT

### I. THE FEDERAL ARBITRATION ACT REQUIRES CONFIRMATION OF THE FINAL NFA AWARD

Pursuant to Section 9 of the Federal Arbitration Act ("FAA"), the Final NFA Award, entered on January 11, 2012, should be confirmed. Section 9 of the FAA, which governs the entry of judgment by a federal district court on an arbitration award, states that a court "must" confirm an arbitration award "unless" it is vacated, modified, or corrected. 9 U.S.C. § 9. Confirmation of an arbitration award under the FAA is "a summary proceeding that converts a final arbitration award into a judgment of the court." *First Interregional Equity Corp. v. Haughton*, 842 F. Supp. 105, 108 (S.D.N.Y. 1994) (citing *Ottley v. Schwartzberg*, 819 F.2d 373, 377 (2d Cir. 1987)).

Arbitration awards are "entitled to 'strong deference'" in federal court, and the FAA sharply restricts their review. *Abondolo v. Jerry WWHS Co.*, No. 11-CV-2231 (ADS)(ARL), 2011 WL 6012504, at *7 (E.D.N.Y. Dec. 1, 2011) (citations omitted); *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) ("[a]rbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation.") (citations and internal quotation marks omitted). Further, "the showing required to

3

avoid confirmation is very high." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F. 3d 95, 110 (2d Cir. 2006). Absent a statutory basis for modifying or vacating the award under § 10(a) of the FAA, "the district court's task . . . [is] to confirm the arbitrator's final award as mandated by section 9 of the Act." *Kruse v. Sands Bros. & Co.*, 226 F. Supp. 2d 484, 485 (S.D.N.Y. 2002) (quoting *Ottley*, 819 F.2d at 376) (citation and internal quotation marks omitted)).

Upon application of these well-settled principles, and where it is clear that none of the § 10(a) circumstances are present, it is respectfully submitted that this Court should confirm the Final Award.

## II. RESPONDENTS AGREED TO SUBMIT THE UNDERLYING DISPUTE TO THE NFA FOR ARBITRATION BY VIRTUE OF THEIR NFA REGISTRATIONS

Respondents Kenney and Knox agreed to submit the underlying dispute to the NFA for arbitration as a condition of being Associates and Members of the NFA. *See R.J. O'Brien & Assocs., Inc. v. Pipkin*, 64 F.3d 257, 260-61 (7th Cir. 1995) (NFA membership satisfies FAA requirement that parties consent to arbitration).[1] Section 2(a) of the NFA Code provides for arbitration of all disputes by a customer—such as Pennington—against an NFA Member or Associate—such as Kenney and Knox—as follows:

---

[1] Moreover, because the dispute between Pennington and Respondents "involved allegations of misconduct which went beyond the scope of [their investment] agreement," the NFA's use of its mandatory arbitration provision, NFA Code § 2(a), was proper, even if the parties are found to have committed themselves to submit disputes over the agreement to a forum other than an NFA arbitration panel. *R.J. O'Brien & Assocs.*, 64 F.3d at 260 & n.2, 263 (affirming district court's confirmation of an arbitration award rendered by an NFA panel pursuant to NFA Code § 2(a) (mandatory arbitration) despite parties' agreement to arbitrate all disputes before the American Arbitration Association).

4

> **Mandatory Arbitration. (1) Claims.** Except as provided in Sections 5 and 6 of this Code with respect to timeliness requirements, the following disputes shall be arbitrated under this Code if the dispute involves commodity futures contracts:
>
>> (i) a dispute for which arbitration is sought by a customer against a Member or employee thereof, or Associate . . . [2]

(Klugman Decl., Ex. F (NFA Code of Arbitration).)

Moreover, the NFA Code makes clear that the award of an NFA arbitration panel is final and binding on such Members and Associates. Specifically, section 10(c) of the NFA Code provides that "[t]he Panel's award shall be final on the date thereof," *i.e.*, of the award; section 10(d) provides that "there shall be no right of appeal of the award;" and section 10(e) provides that "[a]ll parties shall be bound by the award . . . ." (*Id.*) Section 10(f) of the NFA Code further provides that "judgment on the [NFA arbitration] award may be entered in any court of competent jurisdiction." (*Id.*)

### III. RESPONDENTS' TIME TO OPPOSE CONFIRMATION IS PRECLUDED AS A MATTER OF LAW

Any effort by Respondents to oppose confirmation of the Award is untimely and precluded as a matter of law. The FAA provides that defenses to confirmation of an award must be brought "within three months after the award is filed or delivered." *See* 9 U.S.C. § 12; *Triomphe Partners, Inc. v. Realogy Corp.*, No. 10 Civ. 8248(PKC), 2011 WL 3586161, at *2 (S.D.N.Y. Aug. 15, 2011). The Final Award against Respondents was filed January 11, 2012, more than three months ago. (Klugman Decl., Ex. G (NFA Affidavit of Service).) The three month limitation period in the FAA "is strictly construed," and this Court has rejected as untimely objections to awards lodged even a single day after the expiration of the limitation period. *Triomphe Partners*, 2011 WL 3586161, at *2, *6 (declining to apply equitable tolling to

---

[2] Section 1(c) of the NFA Code provides that an "Associate" is "a person who is registered with the NFA as an Associate *or was so registered when the acts or transactions that are the subject of the dispute occurred*," and section 10(j) defines a "Member of the NFA" to include "a person that was a member . . . *at the time the acts or transaction that are the subject of the dispute occurred.*" (*See* Klugman Decl., Ex. F (emphasis added)).

5

vacate an award). Indeed, "[t]he Second Circuit has made clear that there is *no exception* to this three month limitation period: 'a party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run, *even when raised as a defense to a motion to confirm.*'" *Kruse*, 226 F. Supp. 2d at 486 (quoting *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 175 (2d Cir. 1984)) (emphasis added).

As the Final Award was filed on January 11, 2012, more than three months have elapsed and Respondents have waived any objection to the Final Award. *See id; Waveform Telemedia, Inc. v. Panorama Weather N. Am.*, No. 06 Civ. 5270 CMMDF, 2007 WL 678731, at *5 (S.D.N.Y. March 2, 2007). Thus, Respondents are precluded from seeking to vacate or oppose confirmation of the Final Award. *See Waveform*, 2007 WL 678731, at *5 ("Indeed, a party's 'failure to move to vacate [an arbitration] award within the three month time [limit] precludes him from later seeking that relief when a motion is made to confirm the award.'") (quoting *Florasynth,* 750 F.2d at 175). Moreover, under the NFA Code, the Final Award is not appealable and all parties to the Final Award are bound by it and judgment on the Final Award may be entered in any court with jurisdiction. (Klugman Decl. Ex. F (NFA Code §§ 10(c)-(f)).) Accordingly, the Final Award should be confirmed.

## CONCLUSION

For the foregoing reasons, Petitioner Charles H. Pennington respectfully requests that this Court confirm the Final Award, and grant any and all further relief as may be just.

Dated: New York, New York
April 30, 2012

**LEVINE LEE LLP**

By: _____
Seth L. Levine
Scott B. Klugman
570 Lexington Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 223-4400
Facsimile: (212) 223-4425
slevine@levinelee.com
sklugman@levinelee.com
*Attorney for Petitioner*
*Charles H. Pennington*

7